**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Brian Keith BATTLES, Defendant–
Appellant.**

**No. 00–15134.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 10, 2004.

Filed March 30, 2004.

Donald S. Frick, Sacramento, CA, for the defendant/appellant.

Richard J. Bender, Assistant U.S. Attorney, Sacramento, CA, for the plaintiff/appellee.

Before FERNANDEZ, HAWKINS, and THOMAS, Circuit Judges.

FERNANDEZ, Circuit Judge.

Brian Battles appeals the district court's denial of his motion to reconsider its sua sponte order dismissing his motion for post-conviction relief on the basis that it was barred by the statute of limitations. *See* 28 U.S.C. § 2255. We affirm in part, reverse in part, and remand.

## BACKGROUND

Battles was found guilty of drug offenses and was sentenced. We affirmed his conviction,[1] he petitioned the Supreme Court for certiorari, and that petition was denied on October 5, 1998.[2] On October 12, 1999, Battles filed for § 2255 relief, but the district court denied the petition sua sponte because it was filed more than one year after the date of denial of certiorari.

Battles, then, requested reconsideration on the basis that he had not been able to obtain the trial transcripts from his attorney, who was improperly withholding them and refusing to cooperate. The district court denied the motion on the basis that, as it turned out, Battles did not actually need those transcripts in order to file his petition with the court. In fact, he filed without them. This appeal followed.[3]

## JURISDICTION AND STANDARD OF REVIEW

The district court had jurisdiction pursuant to 28 U.S.C. § 2255. We have jurisdiction pursuant to 28 U.S.C. § 2253.

We review the district court's denial of the habeas corpus petition based upon untimeliness de novo. *Laws v. Lamarque*, 351 F.3d 919, 922 (9th Cir.2003).

Moreover, if the underlying facts on a claim for equitable tolling are undisputed, we review the equitable tolling decision de novo. *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir.2003). "Otherwise, findings of fact made by the district court are ... reviewed for clear error." *Id.*

## DISCUSSION

It is undisputed that Battles filed his habeas corpus petition too late unless the transcript delivery delays entitled him to equitable tolling or the delays entitled him to relief on the basis that the facts on which he founds his claims could not have been discovered earlier through the use of due diligence. 28 U.S.C. § 2255(4).

### A. *Equitable Tolling*

Before we can rule on Battles' claim for equitable tolling, we must determine whether that doctrine applies to the one year time limitation in § 2255. It does, of course, apply to the time limitation in 28 U.S.C. § 2254. *See Spitsyn*, 345 F.3d at 799; *Calderon v. United States Dist. Court (Kelly)*, 163 F.3d 530, 541 (9th Cir.1998) (en banc). However, we have not held that equitable tolling applies to § 2255. *See United States v. Schwartz*, 274 F.3d 1220, 1224 n. 4 (9th Cir.2001). We do so now.

The two sections have the same operative language and the same purpose. We fail to see any reason to distinguish between them in this respect. Other courts of appeals have noted the congruence. *See United States v. Riggs*, 314 F.3d 796, 799 n. 6 (5th Cir.2002) (holding that for purposes of equitable tolling, the sections are interpreted similarly); *Green*

---

**1.** *United States v. Fredericks*, 145 F.3d 1342, 1998 WL 279401 (9th Cir. May 15, 1998).

**2.** *Battles v. United States*, 525 U.S. 916, 119 S.Ct. 265, 142 L.Ed.2d 218 (1998).

**3.** This appeal has hitherto followed a rather torturous path. That, however, is not relevant to our current decision and need not be recounted in detail.

*v. United States,* 260 F.3d 78, 82 (2d Cir. 2001) (holding that § 2255 is similar to § 2254 and that equitable tolling is similarly available); *Dunlap v. United States,* 250 F.3d 1001, 1004 (6th Cir.2001) (holding that equitable tolling applies to § 2255); *United States v. Marcello,* 212 F.3d 1005, 1010 (7th Cir.2000) (holding that the § 2255 time limitation is subject to equitable tolling); *United States v. Willis,* 202 F.3d 1279, 1281 n. 2 (10th Cir.2000) (holding that there is no reason to treat the two sections differently); *Sandvik v. United States,* 177 F.3d 1269, 1271 (11th Cir.1999) (stating that there is no obvious reason to treat the sections differently—they are both garden variety statutes of limitations). Thus, we now specifically declare what must seem obvious to many: The statute of limitations contained in § 2255 is subject to equitable tolling.

█ That said, we must still consider whether Battles, himself, could be entitled to equitable tolling in this case. Based upon this record, we must decide if it is possible for him to demonstrate that "extraordinary circumstances beyond [his] 3929 control [made] it impossible to file a petition on time and the extraordinary circumstances were the cause of his untimeliness." *Laws,* 351 F.3d at 922 (internal quotation marks and citations omitted). Can Battles, like so many others before him, manage to clamber over that very high threshold?[4]

At first blush, we would think not. After all, he did eventually file his habeas corpus petition even though he did not have the transcripts, and, as the district court indicated, that suggests that the lack of transcripts did not actually make it impossible for him to file. In other words, whether his attorney was benignant or malignant, filing was not prevented.

However, we have recently held to the contrary in a case whose facts are almost exactly the same as those we face here— *Ford v. Hubbard,* 330 F.3d 1086 (9th Cir. 2003), *cert. granted on other grounds, Pliler v. Ford,* 124 S.Ct. 981, 157 L.Ed.2d 811, 2004 WL 42545 (U.S. Jan.9, 2004). In *Ford,* as here, the claim was untimely filed. *Id.* at 1105. There, as here, the attorney did not deliver "the complete set" of legal papers in a timely fashion. *Id.* There, as here, at least a portion of the file had been forwarded at an earlier time. *Id.* There, as here, there appeared to be a large hiatus between the time that the file was first sent out and the time that additional material was requested. *Id.*

In *Ford,* the state pointed out that the correspondence between Ford and counsel showed a two year gap between the initial sending of the file and Ford's request for more information, with that request coming after the statute of limitations had expired. *Id.* Here the record shows an almost seven month gap, with the second request coming after the statute of limitations had expired. But, in *Ford,* as here, the petitioner responded to the state's pointing out of the gap "by asserting that he was unsuccessfully trying to obtain the complete record from his counsel during the [gap] period," *Id.* There, as here, that "fact" was one "that, on the record before us, [was] uncorroborated by independent evidence." *Id.*

In *Ford,* as here, the district court did not give the petitioner an opportunity to amend before it denied the petition on statute of limitations grounds. *Id.* at 1107. Here, a motion for reconsideration was decided, but in *Ford,* the petitioner had an opportunity to object to the magistrate judge's report before the district court ruled, and he did so. *Id.* at 1096.

---

4. *See Spitsyn,* 345 F.3d at 799.

After some general discussion about whether attorney wrongdoing should amount to extraordinary circumstances, we declared the following in *Ford:*

> There are no cases in this circuit determining whether an attorney's failure or refusal to provide a habeas client with important parts of his legal file may rise to the level of "extraordinary circumstances" for purposes of equitable tolling. We prefer not to decide that question here, because the factual record is insufficiently developed.... [T]he district court in Ford's case did not give the petitioner an opportunity to amend his petition or expand his declaration and did not hold an evidentiary hearing. Because equitable tolling issues "are highly fact-dependent, and because the district court is in a better position to develop the facts and assess their legal significance in the first instance," we remand Ford's additional ... claims to the district court with instructions that it develop an adequate evidentiary record before again determining whether the statute of limitations should be equitably tolled as to those claims.

*Id.* at 1107 (citations omitted). We see no principled distinction between this case and *Ford,*[5] and because justice demands that we treat like cases alike,[6] we must remand for a further development of the record on the issue of just what counsel did or did not do, and on the issue of causation.

### B. *Discovery of Facts*

■ Under § 2255(4) the limitations period may run from "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." Battles suggests that the information in the trial transcript constitutes new facts and, therefore, the limitations period had not even started when he filed his petition. We disagree.

Surely due diligence requires that Battles at least consult his own memory of the trial proceedings. His decision not to do so does not bespeak due diligence. *See Matus–Leva v. United States,* 287 F.3d 758, 761 n. 3 (9th Cir.2002) (where claim was litigated at time of conviction it is not a fact newly discovered with due diligence). Battles' current claims are about happenings at the time of his conviction— the failure of counsel to lodge an objection at the time of the government's closing argument, and counsel's refusal to allow Battles to participate in a presentence investigation. There is nothing new about those.[7] *See United States v. Zuno–Arce,* 209 F.3d 1095, 1102–03 (9th Cir.2000), *overruled on other grounds by Valerio v. Crawford,* 306 F.3d 742, 764 (9th Cir.2002) (en banc).

When this decision regarding § 2255(4) is laid beside our equitable tolling decision, a quick glance might suggest a degree of antinomy. However, a closer look shows that there is none, and the two conclusions

---

**5.** The fact that Battles did ultimately file his petition without the transcript does not necessarily tell us whether the alleged attorney behavior and Battles' fight to get the transcripts actually delayed him to the point that he could not file in a timely fashion. Were it otherwise, a person who in desperation finally filed something anyway would be barred, ipso facto, whereas a person who did not file at all would not be. Of course, depending on the whole developed factual picture, the actual filing may loom large in the final tolling determination for it might ultimately show that he was not actually delayed at all.

**6.** *See, e.g.,* H.L.A. Hart, The Concept of Law, 155–57 (1961).

**7.** We, of course, are in no position to speculate about whether some truly new evidence will surface someday. In any event, that has nothing to do with the question now before us.

are closer to an antiphony. One refrain goes to the question of whether the behavior of Battles' attorney was sufficient to cause delays in the filing of the petition and, thus, entitled Battles to equitable tolling, if, indeed, that kind of behavior ever can, an issue that we, like *Ford,* do not decide. The other goes to the question of whether Battles had already discovered facts that would support certain claims. While these refrains do blend to form a single composition, they are distinct. Whether Battles had knowledge of some facts, or not, counsel's behavior and its effects, if any, must be explored.

## CONCLUSION

While we have our doubts about Battles' claim that the late filing of his petition was because he did not have the full set of transcripts of his trial, that dubiety is no better a basis for a decision than speculation would be. Thus, although Battles' claim to equitable tolling may turn out to be a mere thread paper, we must return this case to the district court so that it can fully develop the record and make a decision based upon the concrete facts that are then revealed.

In short, though we reject Battles' claim under § 2255(4) and affirm the district court in that respect, we remand for further consideration of his claim for equitable tolling.

AFFIRMED in part, REVERSED in part, and REMANDED. Battles is awarded his costs on appeal.