**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**James Franklin RAY, Defendant—
Appellant.**

No. 03–16732.
D.C. Nos. CV–01–00442–WBS,
CR–89–00278–WBS.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 6, 2004.[*]

Decided Dec. 9, 2004.

---

[*] This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Samuel Wong, USSC—Office of the U.S. Attorney, Sacramento, CA, for Plaintiff–Appellee.

Charles M. Bonneau, Law Offices of Charles Bonneau, Sacramento, CA, for Defendant–Appellant.

Before GOODWIN, WALLACE and TROTT, Circuit Judges.

## MEMORANDUM**

Federal prisoner James Franklin Ray appeals the district court's judgment dismissing his 28 U.S.C. § 2255 motion to vacate, alter, or set aside his sentence. We have jurisdiction pursuant to 28 U.S.C. § 2253(a), and we affirm.

Ray contends that the district court erred in dismissing his § 2255 motion as time-barred. Specifically, Ray contends that pursuant to 28 U.S.C. §§ 2255(2), (3) and (4), the statute of limitations did not begin running prior to the filing of his motion. We disagree. First, Ray has not demonstrated an impediment created by governmental action for purposes of § 2255(2). Second, although Ray contends that the Supreme Court's ruling in *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), provides him with a "newly recognized" right within the meaning of § 2255(3), the rule announced in *Apprendi* has not been "made retroactively applicable to cases on collateral review." *United States v. Sanchez–Cervantes,* 282 F.3d 664, 671 (9th Cir.), *cert. denied,* 537 U.S. 939, 123 S.Ct. 48, 154 L.Ed.2d 243 (2002). Third, with respect to § 2255(4), Ray's habeas claims are based on facts which were or could have been known to him at the time his conviction became final. Subsection four thus does not apply here. *See United States v. Battles,* 362 F.3d 1195, 1198–99 (9th Cir.2004). The district court therefore properly concluded that Ray's § 2255 motion was untimely pursuant to 28 U.S.C. § 2255(1).

Ray further contends that he is entitled to equitable tolling. However, upon review of the record, we conclude that Ray has failed to establish the existence of extraordinary circumstances or that he was incapable of filing a timely petition. *See Allen v. Lewis,* 255 F.3d 798, 800 (9th Cir.2001) (per curiam) (petitioner must show that "extraordinary circumstances" were the "but-for and proximate cause of his untimeliness"); *cf. Miles v. Prunty,* 187 F.3d 1104, 1107 (9th Cir.1999) (stating that "[w]hen external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate"). The district court therefore properly found that equitable tolling is not warranted.

**AFFIRMED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.