Nicomedes D. VIRAY, Petitioner— Appellant,

v.

Scott P. DRAWERS; et al., Respondents— Appellees.

No. 04–16537.

D.C. No. CV–03–05840–REC.

United States Court of Appeals, Ninth Circuit.

Submitted March 23, 2005.[*]

Decided April 4, 2005.

Nicomedes D. Viray, AVSP–Avenal State Prison, Avenal, CA, pro se.

Lisa A. Tillman, Esq., AGCA–Office of the California Attorney General, Sacramento, CA, for Respondents–Appellees.

Before B. FLETCHER, TROTT, and PAEZ, Circuit Judges.

MEMORANDUM[**]

California state prisoner Nicomedes D. Viray appeals pro se the district court's

---

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

[*] This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

dismissal of his 28 U.S.C. § 2254 as untimely. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we vacate and remand for further proceedings.

Viray contends that he should be entitled equitable tolling of the limitations period because of his former counsel's failure to name the correct parties in a prior habeas petition, failure to file in the correct district, failure to refile when the petition was dismissed, and failure to communicate or respond to Viray and his family's inquiries. These assertions, if found to be true, establish extraordinary circumstances warranting equitable tolling. *See Spitsyn v. Moore*, 345 F.3d 796, 798–99, 801 (9th Cir.2003).

Because Viray's assertions with regard to when counsel misfiled the prior petition and when counsel returned the file are uncorroborated by independent evidence in the record, *see id.* at 801–02; *United States v. Battles*, 362 F.3d 1195, 1197 (9th Cir.2004), we vacate and remand for further development of the record with regard to these factual issues and the issue of causation, *see Battles*, 362 F.3d at 1198.

VACATED AND REMANDED.