**Larry M. WISENBAKER, Petitioner—Appellant,**

v.

**Craig FARWELL, Respondent—Appellee.**

No. 04–17220.

United States Court of Appeals,
Ninth Circuit.

Submitted: June 14, 2005.*

Decided: June 24, 2005.

Larry M. Wisenbaker, Lovelock, NV, pro se.

Richard A. Molezzo, Office of the Nevada Attorney General, Reno, NV, for Respondent–Appellee.

Before: KLEINFELD, TASHIMA, and THOMAS, Circuit Judges.

## MEMORANDUM**

Larry M. Wisenbaker, a Nevada state prisoner, appeals pro se the district court's judgment dismissing his 28 U.S.C. § 2254 petition as untimely. We have jurisdiction under 28 U.S.C. § 2253, and we vacate and remand.

Wisenbaker contends that he is entitled to equitable tolling of the Antiterrorism and Effective Death Penalty Act's ("AEDPA") one-year limitations period because his attorney failed to deliver his file to him until after his deadline expired. It is undisputed that Wisenbaker did not receive his records until approximately five months after his AEDPA deadline. Accordingly, the district court's judgment is vacated and this case is remanded to the district court to provide Wisenbaker an opportunity to more fully develop the record and to determine whether the statute of limitations should be equitably tolled. *See United States v. Battles,* 362 F.3d 1195, 1197–99 (9th Cir.2004). Though Wisenbaker filed a late § 2254 petition before receiving records from his attorney, this does not undermine his equitable tolling claim. *See id.* at 1198 n. 5.

To the extent that Wisenbaker raises issues not included in the Certificate of Appealability ("COA"), we construe it as a motion to broaden the COA and we deny the motion. *See* 28 U.S.C. § 2253(c)(2); 9th Cir. R. 22–1(e).

VACATED and REMANDED.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.