UNITED STATES of America, Plaintiff—Appellee,

v.

Keith SHWAYDER, Defendant— Appellant.

No. 05–15349.

United States Court of Appeals, Ninth Circuit.

---

Submitted Dec. 5, 2005.*

Decided Dec. 29, 2005.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

J. Gregory Damm, Esq., Las Vegas, NV, for Plaintiff-Appellee.

Robert G. Levitt, Esq., Denver, CO, for Defendant-Appellant.

Before: TROTT, T.G. NELSON, and PAEZ, Circuit Judges.

### MEMORANDUM**

Keith Shwayder appeals the district court's denial of his 28 U.S.C. § 2255 motion on six grounds. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm. The district court properly denied the motion.

■ Assuming Shwayder's claim for ineffective assistance of trial counsel based on his counsel's failure to disclose the full extent of his conflict of interest differs from the claim Shwayder raised on direct appeal, it fails. The definition of an "actual conflict" requiring reversal under *Mickens v. Taylor*[1] is a conflict that actually "affected counsel's performance."[2] This court found on direct appeal that the conflict did not affect counsel's performance. That finding precludes the conclusion that counsel's conflict in this case requires reversal under *Mickens*.[3]

■ Shwayder's second claim, for ineffective assistance of appellate counsel, also fails.[4] The district court found that counsel's decision not to raise the sentencing issues in question was "a matter of professional judgment and strategy." Shwayder does not challenge this finding, much less show that it is clearly erroneous.[5] Accordingly, we affirm.[6]

■ Shwayder procedurally defaulted his third and fourth claims, that the Government failed to turn over *Brady*[7] ma-

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. 535 U.S. 162, 171, 122 S.Ct. 1237, 152 L.Ed.2d 291 (2002).

2. *Id.; see United States v. Rodrigues,* 347 F.3d 818, 824 (9th Cir.2003) (" '[A]ctual conflict' is a term of art defined by reference not to the nature of the alleged conflict itself, but to the effect of the conflict on the attorney's ability to advocate effectively.").

3. To the extent that Shwayder also raises a claim of ineffective assistance of trial counsel under *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), this court's previous finding prevents him from showing prejudice. *Id.* at 687, 104 S.Ct. 2052.

4. To the extent Shwayder intended to raise in this appeal a claim of ineffective assistance of counsel at sentencing, he waived that issue by failing to raise it before the district court. *See Crawford v. Lungren,* 96 F.3d 380, 389 n. 6 (9th Cir.1996).

5. *United States v. Battles,* 362 F.3d 1195, 1196 (9th Cir.2004) (reciting standard of review).

6. *See Jones v. Barnes,* 463 U.S. 745, 751, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983) (holding that appellate counsel need not raise every non-frivolous issue on appeal).

7. *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).

terial and that it issued a multiplicitous indictment. Shwayder argues that his appellate counsel was ineffective for failing to raise these issues on direct appeal, and that this ineffectiveness constitutes cause for his default. This argument fails.[8]

Shwayder's fifth claim, under *Blakely v. Washington*,[9] fails because *Blakely* does not apply retroactively.[10] Shwayder's sixth claim, that the district court abused its discretion [11] when it de-

nied his request for an evidentiary hearing, also fails. The district court properly determined that no evidentiary hearing was warranted.[12]

AFFIRMED.

---

8. *Murray v. Carrier*, 477 U.S. 478, 486, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986) ("[T]he mere fact that counsel failed to recognize the factual or legal basis for a claim, or failed to raise the claim despite recognizing it, does not constitute cause for a procedural default.").

9. 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004).

10. *Schardt v. Payne*, 414 F.3d 1025, 1036 (9th Cir.2005).

11. *Rodrigues*, 347 F.3d at 823 (reciting standard of review).

12. *See* 28 U.S.C. § 2255 (providing for a hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief"); *Rodrigues*, 347 F.3d at 824 (noting that, to be entitled to a hearing, a petitioner must "allege specific facts which, if true, would entitle him to relief") (internal quotation marks omitted).