**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GONZALO M. TORRES, | No. 08-55677 |
| Petitioner - Appellant, | D.C. No. 3:06-cv-01855-WQH-RBB |
| v. | |
| B. CURRY, Warden, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Southern District of California
William Q. Hayes, United States District Judge, Presiding

Submitted May 5, 2010[**]
Pasadena, California

Before: NOONAN, CLIFTON and BYBEE, Circuit Judges.

Gonzalo M. Torres, a prisoner of the State of California, appeals the district

court's denial of his petition for a writ of habeas corpus. We affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

A state prisoner must file a federal habeas petition within one year after his conviction becomes final. 28 U.S.C. § 2244(d)(1). The one-year limit is automatically tolled for the "time during which a properly filed [state court habeas petition] is pending." *Id.* § 2244(d)(2). The limit may be equitably tolled if the petitioner can establish "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way" and caused his untimeliness. *Ramirez v. Yates*, 571 F.3d 993, 997 (9th Cir. 2009) (alterations and quotation marks omitted). Neither of these tolling mechanisms brings Torres's federal habeas petition within the one-year limit.

Torres's conviction for assault with a deadly weapon inflicting great bodily injury became final on March 4, 2001, forty days after the California Court of Appeal filed its decision affirming the judgment. *See Smith v. Duncan*, 297 F.3d 809, 813 (9th Cir. 2001). Torres filed no habeas petition in state or federal court until July 24, 2002, when he filed a petition in California Superior Court. Because more than a year elapsed between the day his conviction became final and the day he filed his first state habeas petition, Torres's subsequent federal petition was untimely unless a substantial part of that gap is subject to equitable tolling.

Torres cites his appointed counsel's abandonment as an "extraordinary circumstance" that should equitably toll the entire delay between the day his

2

conviction became final and the day he filed his first state habeas petition. Torres's lawyer failed to disclose that he would not file a petition for review in the California Supreme Court and did not immediately provide Torres with copies of his trial transcripts. Torres filed a complaint against his lawyer with the state bar in April 2001. Sometime before June 11, 2001, Torres obtained all his trial transcripts except one from a hearing on his request to substitute counsel.[1]

The district court correctly concluded that the period between June 11, 2001 and July 24, 2002 could not be equitably tolled because Torres did not establish the existence of extraordinary circumstances justifying his delay *after* he discovered he could no longer rely on his attorney. From that point forward, Torres did not "exercise[] reasonable diligence in pursuing the matter." *Spitsyn v. Moore*, 345 F.3d 796, 802 (9th Cir. 2003).

Torres argues that he acted diligently in trying to contact Mr. Hendricks and in seeking his transcripts. Even assuming that to be true, once Torres learned of his counsel's abandonment, he became like any other unrepresented prisoner and

---

[1]A page from that transcript appears in the excerpts of record, so Torres must have obtained it at some point. In any event, Torres does not allege that his delay was caused by this particular missing transcript. *Cf. United States v. Battles*, 362 F.3d 1195, 1198 (9th Cir. 2004) (remanding for an evidentiary hearing where petitioner alleged a lack of files had caused his delay, and it was unclear what files petitioner's counsel withheld and for how long).

3

ceased to benefit from equitable tolling. *See id.* at 802 ("[I]f the person seeking equitable tolling has not exercised reasonable diligence in attempting to file, after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken." (quoting *Baldayaque v. United States*, 338 F.3d 145, 150 (2d Cir. 2003)). The causal chain between Torres's lawyer's neglect and Torres's untimely federal habeas petition broke when Torres learned that he was unrepresented.

Torres does not even claim to have pursued his habeas petition at all for more than a year following that discovery. This court liberally construes a petitioner's assertions of diligence during the time he was proceeding *pro se*, but "*pro se* status, on its own, is not enough to warrant equitable tolling." *Roy v. Lampert*, 465 F.3d 964, 970 (9th Cir. 2006). Because Torres offers no explanation other than his *pro se* status for the delay between June 11, 2001, and the filing of his first petition in state court on July 24, 2002, equitable tolling does not apply. That delay, by itself, exceeded AEDPA's one-year limitation period and meant that Torres's federal petition was filed too late.

We decline to consider Torres's actual innocence claim because it is outside the scope of the certificate of appealability ("COA"). *See United States v. Christakis*, 238 F.3d 1164, 1168 n.5 (9th Cir. 2001). "If a party wishes to expand

4

the scope of a partial COA, he must follow the procedure set forth in Circuit Rule 22-1(d), which requires him to seek and obtain from the appellate court broader certification." *Id.* Torres did not move for an expanded COA, and we decline to construe the actual innocence discussion in his opening brief as such a motion. Torres does not even purport to proffer "new reliable evidence" in support of the claim, despite an investigative services budget of $1,350 and six extensions of time. *See Schlup v. Delo*, 513 U.S. 298, 324 (1995).

**AFFIRMED.**