**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 14 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 06-17217 |
| Plaintiff - Appellee, | D.C. Nos.   CV-05-00064-KJD |
| v. | CR-00-00050-KJD |
| DAVID KENT FITCH, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Kent J. Dawson, District Judge, Presiding

Submitted July 12, 2010[**]
San Francisco, California

Before: FERNANDEZ, W. FLETCHER and TALLMAN, Circuit Judges.

David Fitch appeals from the district court's denial as untimely of Fitch's

motion to vacate or correct his sentence pursuant to 28 U.S.C. § 2255.  Fitch filed

his § 2255 motion almost three years after the Supreme Court denied his Petition

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

for Certiorari. The district court declined to grant equitable tolling of the one-year statute of limitations. We affirm.

We review *de novo* the dismissal of a § 2255 motion based on the statute of limitations. *See United States v. Battles*, 362 F.3d 1195, 1196 (9th Cir. 2004). Underlying findings of fact are reviewed for clear error. *Id.* The district court's decision whether to conduct an evidentiary hearing is reviewed for an abuse of discretion. *See Mendoza v. Carey*, 449 F.3d 1065, 1068 (9th Cir. 2006).

Fitch cannot show that extraordinary circumstances stood in the way of his filing his § 2255 motion. *See id.* Even if Fitch's counsel did not advise Fitch of the possibility of future criminal charges despite his guilty plea in 2000, it is clear that Fitch was aware of the possibility of such charges. Prior to Fitch's 2000 guilty plea to possession of a false identification, possession of a false passport, and unlawful possession of a firearm and ammunition by a felon, the FBI had investigated Fitch on suspicion of murder, fraud, and auto theft. At hearings before the court prior to the guilty plea, at which Fitch was present, the prosecutor repeatedly emphasized the continuing investigation and the government's belief that Fitch had committed other crimes. Also, the Revised Presentence Investigation Report, submitted to the court and to Fitch prior to his guilty plea, stated, "According to the agents of the Federal Bureau of Investigation, there is an

ongoing investigation in this matter." Fitch cannot now claim that he was unaware that he might be subject to further prosecution for crimes separate from those to which he pleaded in 2000.

Fitch's motion to dismiss his appointed counsel is granted.


AFFIRMED.