NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | | |
|---|---|---|
| TAI Q. DANG, | ) | No. 08-16970 |
| | ) | |
| Petitioner – Appellant, | ) | D.C. No. 3:07-CV-03268-SI |
| | ) | |
| v. | ) | **MEMORANDUM**[*] |
| | ) | |
| D. K. SISTO, Warden, | ) | |
| | ) | |
| Respondent – Appellee. | ) | |
| | ) | |

Appeal from the United States District Court
for the Northern District of California
Susan Illston, District Judge, Presiding

Submitted July 12, 2010[**]
San Francisco, California

Before:   FERNANDEZ, W. FLETCHER, and TALLMAN, Circuit Judges.

Tai Dang appeals the district court's denial of his petition for habeas corpus

relief.  28 U.S.C. § 2254.  We affirm.

The district court determined that Dang's petition was barred by the one-

_____

[*]This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]The panel unanimously finds this case suitable for decision without oral
argument.  Fed. R. App. P. 34(a)(2).

year statute of limitations. 28 U.S.C. § 2244(d). We agree. Dang's state conviction became final on March 11, 2003,[1] and he did not send his petition for filing until June 19, 2007. He concedes that he is not entitled to statutory tolling,[2] but asserts that he is entitled to equitable tolling.[3] It was his burden to demonstrate his entitlement,[4] but to do so he had to establish his diligence in pursuing his rights,[5] and that any claimed impediments caused his untimeliness.[6]

An attorney's conduct can result in equitable tolling,[7] and we will assume, without deciding, that the district court correctly held that Dang's counsel's conduct did satisfy tolling requirements until January or February 2006, when

---

[1]See Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir. 1999).

[2]See 28 U.S.C. § 2244(d)(2).

[3]See Calderon v. U.S. Dist. Court (Beeler), 128 F.3d 1283, 1289 (9th Cir. 1997).

[4]See Raspberry v. Garcia, 448 F.3d 1150, 1153 (9th Cir. 2006).

[5]See Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct. 1807, 1814, 161 L. Ed. 2d 669 (2005).

[6]See Bryant v. Schriro, 499 F.3d 1056, 1060–61 (9th Cir. 2007); Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003).

[7]See United States v. Battles, 362 F.3d 1195, 1198–99 (9th Cir. 2004); Spitsyn, 345 F.3d at 801–02; Ford v. Hubbard, 330 F.3d 1086, 1106 (9th Cir. 2003) rev'd on other grounds sub. nom. Pliler v. Ford, 542 U.S. 225, 231, 124 S. Ct. 2441, 2445–2446, 159 L. Ed. 2d 338 (2004); Calderon, 128 F.3d at 1289.

Dang admits that he received his file from counsel. But that was some sixteen months before he finally filed his petition. We agree with the district court that Dang did not carry his burden of showing that he was diligent during the period after he had his case file in hand.[8] Therefore, the statute of limitations had run before he filed his petition.[9]

AFFIRMED.

---

[8]The Supreme Court's recent decision does not change tolling alchemy in the Ninth Circuit, and, therefore, does not affect our decision. See Holland v. Florida, 560 U.S. __, No. 09-5327, slip op. at 16–19 (June 14, 2010).

[9]Because the petition was untimely, we do not consider whether Dang was entitled to a stay and abeyance order while he sought to exhaust additional claims before the state courts. See Rhines v. Weber, 544 U.S. 269, 277–78, 125 S. Ct. 1528, 1534–35, 161 L. Ed. 2d 440 (2005). A stay would have availed him nothing.

3