**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LARRY M. WISENBAKER, | No. 08-17160 |
| Petitioner - Appellant, | D.C. No. 3:03-cv-0316-ECR-RAM |
| v. | |
| CRAIG FARWELL, ET AL., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Edward C. Reed, Jr., Senior District Judge, Presiding

Argued and Submitted July 16, 2010
San Francisco, California

Before: HUG and M. SMITH, Circuit Judges, and TODD, Senior District Judge.[**]

Petitioner Larry M. Wisenbaker, a Nevada state prisoner, appeals the district

court's dismissal of his petition for habeas relief as untimely. We have jurisdiction

under 28 U.S.C. §§ 1291 and 2253. We review de novo the district court's

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable James Dale Todd, Senior United States District Judge for the Western District of Tennessee, sitting by designation.

dismissal of the petition as time-barred, *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003), and we affirm. As the facts and procedural history are familiar to the parties, we do not recite them here except as necessary to explain our decision.

The Anti-Terrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2244(d)(1), established a one-year statute of limitations for federal habeas petitions. It is undisputed that Wisenbaker's petition was filed on June 10, 2003, more than four months after the limitations period expired on January 26, 2003. Wisenbaker contends that he is entitled to equitable tolling because: (1) residual effects from a brain injury received in a stabbing prevented him from filing the petition on time; and (2) despite his requests, he did not receive his files from his former attorney, David Amesbury, until after the statute of limitations had expired.

The United States Supreme Court recently confirmed that AEDPA's one-year statute of limitations may be equitably tolled in appropriate cases. *See Holland v. Florida*, 130 S. Ct. 2549, 2560-62 (2010). A petitioner seeking equitable tolling must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 2562 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). "The threshold for obtaining equitable tolling is very high," *Townsend v.*

2

*Knowles*, 562 F.3d 1200, 1205 (9th Cir. 2009), and it is "unavailable in most cases." *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999).

Wisenbaker was stabbed in the head on January 3, 2001, while he was incarcerated. During the evidentiary hearing in the district court, Dr. Thomas Francis Kinsora, Ph.D., a neuropsychologist, testified that, due to the resulting brain injury, Wisenbaker had impaired cognitive functioning and various medical problems that would have made it "nearly impossible" for him to prepare a habeas petition on his own. However, Kinsora was unaware that Wisenbaker was assisted by inmate law clerks and, with their help, had actively and extensively pursued two civil rights actions during the months immediately preceding the expiration of the habeas deadline, showing that he was not unable to litigate during that time period.

Most important, Kinsora was unaware that Wisenbaker had actively and extensively pursued two civil rights actions during the months immediately preceding the expiration of the habeas deadline, showing that he was not unable to litigate during that time period. Thus, Wisenbaker cannot demonstrate that his brain injury was an extraordinary circumstance that prevented him from complying with the statute of limitations.

The fact that Wisenbaker received his files from Amesbury, his former attorney, after the statute of limitations had expired also does not constitute an

3

extraordinary circumstance that prevented timely filing of the petition. Wisenbaker mailed his petition to the district court on June 10, 2003, prior to receiving the files on June 23, 2003. That Wisenbaker was able to submit his petition before obtaining the files does not automatically foreclose equitable tolling. *See United States v. Battles*, 362 F.3d 1195 (9th Cir. 2004). However, it can be an important factor. *Id.* at 1198 n.5 ("[D]epending on the whole developed factual picture, the actual filing may loom large in the final tolling determination for it might ultimately show that he was not actually delayed at all.").

It is evident from Wisenbaker's petition that he had all the information that he needed, even without his files. The petition presented seven well-supported grounds for relief containing detailed factual allegations. The submission of such a complete petition shows that any delay in receiving his files did not cause Wisenbaker to miss the deadline. *See Bryant v. Arizona Attorney Gen.*, 499 F.3d 1056, 1061 (9th Cir. 2007) ("The prisoner must show that the extraordinary circumstances were the cause of his untimeliness." (citation and internal quotation marks omitted)).

Amesbury's conduct in this case falls short of the type of conduct that justified equitable tolling in *Spitsyn*, 345 F.3d 796. In that case, Spitsyn's attorney, who had been retained to file a federal habeas petition, failed to do so and did not

4

respond to Spitsyn's inquiries until after the statute of limitations had expired. *Id.* at 798; *cf. Stillman v. LaMarque*, 319 F.3d 1199, 1200 (9th Cir. 2003) (attorney "agreed to provide 'some assistance' in preparing pro se state and federal habeas petitions"). However, Amesbury did not represent Wisenbaker in this federal habeas proceeding, and Wisenbaker was fully aware that he did not. While Amesbury did give Wisenbaker erroneous information about when the AEDPA statute of limitations would expire, such "'a garden variety claim of excusable neglect'" does not warrant equitable tolling. *Holland*, 130 S. Ct. at 2564 (quoting *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990)); *see also Lawrence v. Florida*, 549 U.S. 327, 336-37 (2007) (miscalculating a limitations period "is simply not sufficient to warrant equitable tolling").

Wisenbaker has failed to demonstrate that extraordinary circumstances prevented him from filing his habeas petition within the statute of limitations. Therefore, Wisenbaker is not entitled to equitable tolling, and his petition is untimely.

**AFFIRMED**.

5