**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-17216 |
| Plaintiff - Appellee, | D.C. Nos.1:10-cv-00275-ALA |
| | 1:02-cr-00547-ALA |
| v. | |
| KENNETH CHARLES McNEIL, a.k.a Chip, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Hawaii
Ann L. Aiken, Chief Judge, Presiding

Submitted September 27, 2011[**]

Before:    HAWKINS, SILVERMAN, and W. FLETCHER, Circuit Judges.

Kenneth Charles McNeil appeals pro se from the district court's order

denying his motion under 28 U.S.C. § 2255.  We have jurisdiction under 28 U.S.C.

§ 2253, and we affirm on the basis that his motion is untimely.  *See United States*

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*v. Kaluna*, 192 F.3d 1188, 1197 n.2 (9th Cir. 1999) ("We may affirm on any basis the record supports [.]") (internal quotation marks omitted).

McNeil contends that the district court erred in failing to construe his October 19, 2009 letter as a 28 U.S.C. § 2255 motion. Because he was in custody on that date, he argues that the district court had jurisdiction over his motion.

Even if the letter is construed as a motion, it was filed over two years after the AEDPA statute of limitations had run. *See* 28 U.S.C. § 2255(f). Contrary to his assertion, he is not entitled to a later start date based on facts known to him at the time of his conviction. *See* 28 U.S.C. § 2255(f)(4); *United States v. Battles*, 362 F.3d 1195, 1198 (9th Cir. 2004). Further, McNeil is not entitled to tolling, because the period that he claims should be tolled occurred after the statute of limitations period had run.

**AFFIRMED.**