NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | | |
|---|---|---|
| GARY SHEPARD, | ) | No. 10-15473 |
| | ) | |
| Petitioner – Appellant, | ) | D.C. No. 3:06-cv-00688-RCJ-VPC |
| | ) | |
| v. | ) | **MEMORANDUM**[*] |
| | ) | |
| RENEE BAKER; ATTORNEY | ) | |
| GENERAL OF THE STATE OF | ) | |
| NEVADA; BILL DONAT, | ) | |
| | ) | |
| Respondents – Appellees. | ) | |
| | ) | |
| | ) | |

Appeal from the United States District Court
for the District of Nevada
Robert Clive Jones, Chief District Judge, Presiding

Submitted June 11, 2012[**]
San Francisco, California

Before:    FERNANDEZ, GOULD, and BEA, Circuit Judges.

Gary Shepard appeals the district court's dismissal of his petition for writ of

---

[*]This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]The panel unanimously finds this case suitable for decision without oral argument.  Fed. R. App. P. 34(a)(2).

habeas corpus.  See 28 U.S.C. § 2254.  We affirm.

Shepard asserts that the district court erred when it determined that his petition was barred by the statute of limitations.  See 28 U.S.C. § 2244(d)(1)(A).  He agrees that absent equitable tolling the time to file his petition expired on March 23, 2007, and he did not file the operative petition (actually his first amended petition) until January 16, 2008.  Nevertheless, he claims that equitable tolling applies here.  The district court disagreed, as do we.

Certainly, a state prisoner is entitled to equitable tolling when he was diligently pursuing his rights, but some extraordinary circumstance prevented his timely filing.  See Holland v. Florida, __ U.S. __, __, 130 S. Ct. 2549, 2562, 177 L. Ed. 2d 130 (2010); Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003).  Shepard asserts that he proceeded reasonably diligently, and that his attorney abandoned him.  Were that so, he might have established his claims.  See Holland, __ U.S. at __, 130 S. Ct. at 2565; Doe v. Busby, 661 F.3d 1001, 1015 (9th Cir. 2011).  We have reviewed the record and are unable to say that the district court clearly erred in determining that the asthenic evidence in the record did not suffice to show abandonment or diligence.  See Spitsyn, 345 F.3d at 799.

Then, argues Shepard, he should have been accorded an evidentiary hearing so that he could further develop his claims.  But the district court did not abuse its

2

discretion when it declined to order an evidentiary hearing in this case. See Roy v. Lampert, 465 F.3d 964, 968 (9th Cir. 2006). In fact, the district court gave him an opportunity to file further declarations to support his position; he did so, but did not effectively buttress it. The record was sufficiently developed[1] to show that Shepard's attorney had not actually abandoned him,[2] and was also sufficient to show that Shepard had not used reasonable diligence.[3] Thus, the district court did not err. Because of that, there is no need to consider Shepard's claims regarding relation back of his second amended petition and exhaustion of state remedies.

AFFIRMED.

---

[1]The mere fact that he filed a declaration did not guarantee him an evidentiary hearing. See Roberts v. Marshall, 627 F.3d 768, 772–73 (9th Cir. 2010), cert. denied, 132 S. Ct. 286, 181 L. Ed. 2d 171 (2011); Laws v. Lamarque, 351 F.3d 919, 924 (9th Cir. 2003); Buffalo v. Sunn, 854 F.2d 1158, 1165 (9th Cir. 1988).

[2]See Doe, 661 F.3d at 1011–12; see also Holland, __ U.S. at __, 130 S. Ct. at 2564.

[3]See Waldron-Ramsey v. Pacholke, 556 F.3d 1008, 1013–14 (9th Cir. 2009) (legal material access); United States v. Battles, 362 F.3d 1195, 1197–98 (9th Cir. 2004) (attorney withheld files); Spitsyn, 345 F.3d at 801 (same).