**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-17273 |
| Plaintiff - Appellee, | D.C. Nos. 2:12-cv-00172-JCM |
| v. | 2:09-cr-00262-JCM - RJJ-2 |
| ADRIAN FUENTES-GARCIA, | |
| Defendant - Appellant. | MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Submitted May 15, 2014[**]
San Francisco, California

Before: RIPPLE,[***] SILVERMAN, and GOULD, Circuit Judges.

Fuentes-Garcia appeals the district court's dismissal of his *pro se* 28 U.S.C.

§ 2255 motion to vacate his sentence. He admits that he filed his motion outside

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Kenneth F. Ripple, Senior Circuit Judge for the U.S. Court of Appeals for the Seventh Circuit, sitting by designation.

the one-year limitations period, *see* 28 U.S.C. § 2255(f), but argues that the district court erred in dismissing the motion as untimely without first holding an evidentiary hearing to determine whether he is entitled to equitable tolling. We have jurisdiction pursuant to 28 U.S.C. § 2253, *United States v. Battles*, 362 F.3d 1195, 1196 (9th Cir. 2004), and we vacate the dismissal and remand for further factual development.

"Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). He must also show a "causal link" between the extraordinary circumstances and the untimeliness of the § 2255 motion. *United States v. Buckles*, 647 F.3d 883, 890 (9th Cir. 2011). A petitioner is entitled to an evidentiary hearing if he makes "a good-faith allegation that would, if true, entitle him to equitable tolling." *Laws v. Lamarque*, 351 F.3d 919, 921 (9th Cir. 2003).

Fuentes-Garcia has made colorable allegations sufficient to warrant an evidentiary hearing. He has alleged that he was deprived of materials from the district court's docket for a substantial portion of the limitations period, and "[d]eprivation of legal materials is the type of external impediment for which we have granted equitable tolling." *Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1013 (9th Cir. 2009). He has also alleged that he was reasonably diligent in

pursuing his petition, but was stymied by the district court clerk's mistaken belief that he had not sent payment for the docket sheet and/or the prison's delay in disbursing the requisite funds. *See Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999) ("When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate.").

The district court concluded that the case documents were irrelevant to Fuentes-Garcia's ineffective assistance of counsel claims, despite Fuentes-Garcia's allegation that the materials were "very important and necessary." This allegation is bolstered by the fact that some of the documents he requested, such as the government's plea memorandum and transcripts of his sentencing hearing, appear to generally relate to his claims concerning his attorney's performance during plea negotiations and sentencing. Because there are "circumstances consistent with petitioner's petition . . . under which he would be entitled . . . to equitable tolling," the district court abused its discretion in dismissing the motion without first developing the factual record. *Whalem/Hunt v. Early*, 233 F.3d 1146, 1148 (9th Cir. 2000) (en banc) (per curiam).

**VACATED AND REMANDED**.