NOT FOR PUBLICATION

FILED

MAY 28 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-17711 |
| Plaintiff - Appellee, | D.C. Nos. 1:09-cv-00549-HG |
| v. | 1:02-cr-00130-HG |
| HERMAN LEMUSU, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Hawaii
Helen W. Gillmor, District Judge, Presiding

Submitted May 13, 2014**

Before:    CLIFTON, BEA, and WATFORD, Circuit Judges.

Herman Lemusu appeals pro se from the district court's orders denying his

28 U.S.C. § 2255 motion as untimely and his subsequent motion for

reconsideration.  We have jurisdiction under 28 U.S.C. § 2253, and we affirm.

Lemusu contends that he is entitled to equitable tolling because he was

---

*      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

**      The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

placed in administrative segregation, relied on inadequate legal assistance from a fellow inmate, and was misled by the district court's affirmative misrepresentations. We review the district court's equitable tolling decision de novo. *See United States v. Battles*, 362 F.3d 1195, 1196 (9th Cir. 2004). Lemusu's claim to equitable tolling fails because he has not established that the alleged impediments were "extraordinary circumstances" that prevented timely filing of his section 2255 motion. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (equitable tolling available where the petitioner shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way").

Lemusu contends that his actual innocence excuses his untimely filing. Assuming this argument is properly before the court, it fails because Lemusu has not demonstrated that, in light of new evidence, it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt. *See McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013).

Lemusu's motion filed on March 11, 2013, requesting an expansion of the certificate of appealability is denied. *See* 9th Cir. R. 22-1(e); *Hiivala v. Wood*, 195 F.3d 1098, 1104-05 (9th Cir. 1999) (per curiam).

**AFFIRMED.**

12-17711