NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 13 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JUAN ROMERO, | No. 17-35221 |
| Petitioner-Appellant, | D.C. No. 2:14-cv-00938-CL |
| v. | |
| BRAD CAIN, Superintendent of Snake River Correctional Institution, | MEMORANDUM[*] |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Michael H. Simon, District Judge, Presiding

Submitted June 4, 2018[**]
Portland, Oregon

Before: M. SMITH and MURGUIA, Circuit Judges, and KORMAN,[***] District Judge.

Petitioner-Appellant Juan Romero appeals the district court's decision

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Edward R. Korman, United States District Judge for the Eastern District of New York, sitting by designation.

denying his petition for writ of habeas corpus. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

1. The district court certified one issue for appeal: Whether Romero's § 2254 habeas petition was untimely under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Romero filed his habeas petition on June 10, 2014. Under AEDPA, the statute of limitations begins to run from the latest of one of four dates. 28 U.S.C. § 2244(d)(1). This case concerns two of those dates: (1) the date the direct appeal becomes final and (2) the date on which the factual predicate of his claim could have been discovered through due diligence. *See id.* § 2244(d)(1)(A), (D). Because his conviction became final on March 17, 2002—the deadline to file a cert petition—his habeas petition filed twelve years later is untimely under § 2244(d)(1)(A). *See Gonzalez v. Thaler*, 565 U.S. 134, 149 (2012); Sup. Ct. R. 13.

2. Romero argues that the statute of limitations began in July 2011 when his son found the juror affidavit that serves as the factual predicate for Romero's habeas petition. *See* 28 U.S.C. § 2244(d)(1)(D). This argument fails. The affidavit was the basis for his motion for a new trial filed in 1999; Romero was in the courtroom when the parties discussed this motion in July 1999; and counsel discussed the contents of the affidavit during that hearing. *See United States v. Battles*, 362 F.3d 1195, 1198 (9th Cir. 2004) ("[D]ue diligence requires that

2

[petitioner] at least consult his own memory of the trial proceedings [when claims are about happenings at the time of conviction]. His decision not to do so does not bespeak due diligence."). Petitioner's trial counsel also indicated that he would urge Romero to seek any available relief, including post-conviction relief. The factual predicate of Romero's petition was therefore available in July 1999, not twelve years later.

Nor has Romero presented "clear and convincing evidence" that he lacked the mental capacity to comprehend the July 1999 proceeding. *See Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003). Petitioner's evidence concerned only his mental health *prior to* his conviction and the motion for a new trial. He submitted no evidence indicating that he lacked mental capacity at the time of his hearing or between the date his conviction became final and the date his son found the affidavit. He also submitted insufficient evidence establishing that the earliest he could have learned of the affidavit through due diligence was in July 2011. Counsel was aware of the affidavit, the affidavit was in Romero's case file, and Romero had a copy of the affidavit in his own records. *See West v. Ryan*, 652 F.3d 1071, 1078 (9th Cir. 2011) (concluding evidence could have been discovered by due diligence where it was "undisputed that . . . counsel knew of at least some of the allegations of [purportedly newly discovered evidence]"). Because Romero fails to show that the state court clearly erred when it found he was aware of the

3

factual predicate in July 1999, the statute of limitations began from the date Romero's conviction became final.

3. Because the statute of limitations began in March 2002, not July 2011, his June 2014 petition falls well outside the statute of limitations. We need not consider (1) whether he is entitled to equitable tolling between 2012 and 2014 while his state collateral proceeding was pending or (2) whether the district court should have held an evidentiary hearing on that issue.

AFFIRMED.