**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
       *Plaintiff-Appellee,*

v.

JOSE MANUEL AGUIRRE-GANCEDA,
       *Defendant-Appellant.*

No. 08-35696
D.C. Nos.
2:08-cv-05003-EFS
2:03-cr-06016-EFS-
1
OPINION

Appeal from the United States District Court
for the Eastern District of Washington
Edward F. Shea, District Judge, Presiding

Argued and Submitted
December 7, 2009—Seattle, Washington

Filed January 19, 2010

Before: Robert R. Beezer, Ronald M. Gould and
Richard C. Tallman, Circuit Judges.

Opinion by Judge Beezer

## COUNSEL

Matthew Campbell, Assistant Federal Public Defender, Spokane, Washington, for the defendants-appellants.

Gregory M. Shogren, Assistant United States Attorney, Yakima, Washington, for the plaintiff-appellee.

## OPINION

BEEZER, Circuit Judge:

Jose Manuel Aguirre-Ganceda appeals the district court's order denying his 28 U.S.C. § 2255 motion to vacate, set aside or correct his prison sentence. The district court rejected the motion and concluded that it was untimely because it was filed more than one year after the Supreme Court denied certiorari in his criminal case. Aguirre argues that the one-year limitation period for filing a section 2255 motion runs not from the denial of his petition for a writ of certiorari, but from the denial of his subsequent petition for rehearing of that denial. Aguirre alternatively asks the court to toll the limitation period because he has allegedly limited English profi-

ciency and his lawyer misadvised him as to the limitation period.

We have jurisdiction over this appeal pursuant to 28 U.S.C. §§ 2253 and 2255. We hold that the district court properly determined that the judgment of conviction became final upon the Supreme Court's denial of certiorari. We also hold that the district court correctly declined to apply equitable tolling.

**I**

On August 18, 2004, Aguirre was sentenced to life imprisonment following his trial and conviction in federal district court for six counts of methamphetamine-related offenses. The conviction was affirmed on appeal.

Aguirre petitioned for a writ of certiorari, which the Supreme Court denied on October 16, 2006. Aguirre then petitioned for rehearing of the Court's denial of his petition for a writ of certiorari, which the Court denied on January 8, 2007.

Aguirre moved the district court to vacate, set aside or correct his sentence under 28 U.S.C. § 2255 on January 2, 2008, more than one year after the Court's denial of his petition for a writ of certiorari but less than one year after the Court's denial of his petition for rehearing. In this motion, Aguirre alleged that he received ineffective assistance of counsel at trial and that his sentence violates the Sixth Amendment. The district court denied the motion as untimely based on its conclusion that Aguirre's conviction became final, and the one-year statute of limitation began to toll, upon the Supreme Court's order denying the petition for a writ of certiorari. The district court also held that Aguirre was not entitled to equitable tolling of the one-year limitation period because he did not demonstrate the requisite extraordinary circumstances.

The district court granted Aguirre's request for a certificate of appealability under 28 U.S.C. § 2253(c). Aguirre timely appeals.

## II

We review de novo the district court's denial of a 28 U.S.C. § 2255 motion. *See United States v. Gamba*, 541 F.3d 895, 898 (9th Cir. 2008). We also review de novo a request for equitable tolling. *United States v. Battles*, 362 F.3d 1195, 1196 (9th Cir. 2004). We review the district court's factual findings for clear error. *Id.*

## III

**[1]** Section 2255 states,

> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> > (1) the date on which the judgment of conviction becomes final; . . . .

28 U.S.C. § 2255. The statute does not define the term "final," and the issue is one of first impression in this circuit.[1]

**[2]** We follow the Supreme Court's clear guidance and hold that finality occurs when the Supreme Court "affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires." *Clay v. United States*, 537 U.S. 522, 527

---

[1]Aguirre argues that our circuit already decided this issue in *English v. United States*, 42 F.3d 473 (9th Cir. 1994). Yet *English* dealt with an entirely different issue, procedural default of claims on direct review, and was decided before Congress enacted the one-year statute of limitation in 1996.

(2003); *see also Jimenez v. Quarterman*, 129 S. Ct. 681, 685 (2009) ("With respect to postconviction relief for federal prisoners, this Court has held that the conclusion of direct review occurs when 'this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari.' ").

Our holding is consistent with that of the seven other circuits that have reached this issue. *See, e.g.*, *Drury v. United States*, 507 F.3d 1295, 1296-97 (11th Cir. 2007) (reviewing the positions of the First, Fourth, Fifth, Seventh, Eighth and Tenth Circuits). These circuits reached this result by looking to Supreme Court Rule 16.3, which provides that "[w]henever the Court denies a petition for a writ of certiorari, the . . . order of denial will not be suspended pending disposition of a petition for rehearing except by order of the Court or a Justice."

## IV

**[3]** Even though Aguirre's section 2255 motion was untimely, we may toll the one-year limitation period if (1) the petitioner has diligently pursued his rights, and (2) extraordinary circumstances exist. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Still, "the threshold necessary to trigger equitable tolling . . . is very high." *Mendoza v. Carey*, 449 F.3d 1065, 1068 (9th Cir. 2006).

**[4]** Aguirre has not demonstrated extraordinary circumstances. Extraordinary circumstances do not include a lawyer's miscalculation of a limitation period. *Frye v. Hickman*, 273 F.3d 1144, 1146 (9th Cir. 2001). Nor has Aguirre demonstrated that "he was unable, despite diligent efforts, to procure either legal materials in his own language or translation assistance from an inmate, library personnel, or other source." *Mendoza*, 449 F.3d at 1070. In fact, Aguirre declined the assistance of a translator and testified at his trial in English.

**AFFIRMED.**