**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-15267 |
| Plaintiff - Appellee, | D.C. Nos. 2:07-cv-01141-WBS |
| v. | 2:99-cr-00270-WBS |
| FRANCISCO ACOSTA ASTORGA, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
William B. Shubb, District Judge, Presiding

Submitted October 25, 2011**
San Francisco, California

Before: GRABER and IKUTA, Circuit Judges, and QUIST,*** Senior District
Judge.

Appellant Francisco Acosta Astorga appeals the district court's denial of his

Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Gordon J. Quist, Senior District Judge for the U.S.
District Court for Western Michigan, sitting by designation.

The district court denied his motion after holding an evidentiary hearing. We affirm because Acosta's petition was not timely.

Appellant did not file it within one year of the date of his conviction. 28 U.S.C. § 2255(f)(1). Nor did Appellant learn of any new facts that he could not have discovered through the exercise of due diligence; he merely learned of the legal significance of the alleged facts that existed at the time of his conviction. *See id.* § 2255(f)(4); *Hasan v. Galaza*, 254 F.3d 1150, 1154 n.3 (9th Cir. 2001). Furthermore, Appellant is not entitled to equitable tolling because he did not diligently pursue his claim and also because, given his ability to pay for translation assistance, he cannot show that "extraordinary circumstances" prevented him from filing his claim. *See United States v. Aguirre-Ganceda*, 592 F.3d 1043, 1045-46 (9th Cir.), *cert. denied*, 130 S. Ct. 3444 (2010); *Mendoza v. Carey*, 449 F.3d 1065, 1070 & n.5 (9th Cir. 2006).

Even if we were to reach Acosta's ineffective assistance of counsel claim, that claim would fail. Appellant cannot show that "(1) counsel's representation fell below the range of competence demanded of attorneys in criminal cases, and (2) there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Washington v. Lampert*, 422 F.3d 864, 873 (9th Cir. 2005) (internal quotations omitted); *see also Padilla v.*

2

*Kentucky*, 130 S. Ct. 1473, 1482 (2010). For one, Appellant's trial counsel investigated and prepared his case as would a reasonable and competent attorney. Trial counsel also gave Appellant sufficient and correct advice regarding the immigration consequences of his plea - to the best of counsel's recollection she testified that she advised Appellant that he *would* be deported. Additionally, Appellant cannot show that he was prejudiced because he cannot show that it would have been rational for him to reject the plea; he faced a sentence of at least 120 months in prison by going to trial with an overwhelming amount of evidence against him, but pled guilty so as to receive a sentence of only 70 months.

**AFFIRMED**.