**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-17761 |
| Plaintiff - Appellee, | D.C. Nos. 2:10-cv-01334-GEB |
| v. | 2:06-cr-00049-GEB |
| RUBEN GONZALEZ AVILA, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Garland E. Burrell, Jr., District Judge, Presiding

Submitted January 15, 2013[**]

Before:     SILVERMAN, BEA, and NGUYEN, Circuit Judges.

Federal prisoner Ruben Gonzalez Avila appeals pro se from the district

court's order dismissing his motion under 28 U.S.C. § 2255 as untimely. We have

jurisdiction under 28 U.S.C. § 2253, and we affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Gonzalez Avila contends that he is entitled to equitable tolling because his trial counsel incorrectly advised him about when the limitations period began to run. We review the dismissal of a section 2255 motion on timeliness grounds de novo. *See United States v. Buckles*, 647 F.3d 883, 887 (9th Cir. 2011). We also review a request for equitable tolling de novo. *See United States v. Aguirre-Ganceda*, 592 F.3d 1043, 1045 (9th Cir. 2011). Gonzalez Avila is not entitled to equitable tolling because he has not shown that his attorney's conduct was so egregious as to constitute an "extraordinary circumstance" that prevented him from filing a timely section 2255 motion. *See Holland v. Florida*, 130 S. Ct. 2549, 2564 (2010); *Aguirre-Ganceda*, 592 F.3d at 1046 ("Extraordinary circumstances do not include a lawyer's miscalculation of a limitation period.").

We construe Gonzalez Avila's additional arguments as a motion to expand the certificate of appealability. So construed, the motion is denied. *See* 9th Cir. R. 22-1(e); *Hiivala v. Wood*, 195 F.3d 1098, 1104-05 (9th Cir. 1999) (per curiam).

**AFFIRMED.**