**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RONNIE FEKRAT, | No. 12-56515 |
| Petitioner - Appellant, | D.C. Nos.    2:11-cv-10006-PA |
| | 2:08-cr-01028-PA-2 |
| v. | |
| UNITED STATES OF AMERICA, | MEMORANDUM* |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Argued and Submitted November 19, 2014
Pasadena, California

Before: SCHROEDER, PREGERSON, and NGUYEN, Circuit Judges.

Ronnie Fekrat ("Fekrat") appeals the district court's denial of his petition

under 28 U.S.C. § 2255. We have jurisdiction under 28 U.S.C. § 2253. We review

the district court's decision de novo, *United States v. Aguirre-Ganceda*, 592 F.3d

1043, 1045 (9th Cir. 2010), and affirm.

---

\*    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Fekrat contends that the government permitted witness Johnson to testify falsely in violation of *Napue v. Illinois*, 360 U.S. 264 (1959). Fekrat's argument relies mainly on a purported secret deal between the government and Johnson for a six-month sentence. However, Fekrat has failed to show that any secret deal existed. Fekrat's interpretation of an email authored by a lawyer working for Fekrat's prior counsel regarding a plea deal for a six-month sentence is flatly contradicted by sworn declarations from the attorneys–that is, the prosecutor and Johnson's attorney–who allegedly entered into the secret deal. Fekrat's interpretation of the email is also illogical. If such a deal existed, Fekrat's counsel is likely the last person that Johnson's attorney would have told about the secret agreement.

Further, Fekrat's contention that Johnson lied about the written cooperation plea agreement is unpersuasive. The defense extensively cross-examined Johnson about his written plea agreement, during which Johnson admitted that he had a "plea bargain" with the government. Moreover, the jury heard a stipulation about the existence of the agreement and the possibility that the government might make a substantial assistance motion to reduce Johnson's sentence. Thus, any possible confusion created by Johnson's testimony is immaterial. *See United States v. Zuno-Arce*, 339 F.3d 886, 889 (9th Cir. 2003) (stating that, in order to establish a

2

*Napue* error, a defendant must show, among other factors, "that the false testimony was material.").

We do not reach Fekrat's uncertified issues. *Cf.* 9th Cir. R. 22-1(e).

**AFFIRMED.**