NOT FOR PUBLICATION

FILED

MAY 22 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-35074 |
| Plaintiff - Appellee, | D.C. Nos. 3:09-cv-00017-HRH |
| v. | 3:04-cr-00140-HRH |
| ARTHUR LEON HOLLIS, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Alaska
H. Russel Holland, Senior District Judge, Presiding

Submitted May 13, 2015**
Anchorage, Alaska

Before: CANBY, BYBEE, and WATFORD, Circuit Judges.

Arthur Leon Hollis appeals from the district court's denial of his § 2255

motion to vacate his conviction. Hollis' motion asserted ineffective assistance of

counsel claims, and he subsequently requested relief on a theory of prosecutorial

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

misconduct. The district court certified for appeal the following question which relates to evidence the government failed to produce regarding the reliability of one of the government's key witnesses: "[W]hether defendant preserved a prosecutorial misconduct claim and, if he did, whether he was prejudiced by the Government's failure to produce certain evidence pertaining to a confidential source."

The district court had original jurisdiction over this criminal action pursuant to 28 U.S.C. § 2255. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

Hollis contends that the district court erred in failing to address his prosecutorial misconduct claim. Hollis did not assert a prosecutorial misconduct claim in his original or amended § 2255 motion, nor did he seek leave to file a second amended petition to add such a claim. Despite these facts, the district court addressed the merits of that claim and concluded that, had Hollis asserted such a claim, he would not have prevailed for lack of prejudice.

Assuming without deciding that Hollis' prosecutorial misconduct claim was properly before the district court, we consider whether Hollis was prejudiced by the government's failure to produce certain evidence pertaining to a confidential source ("CS"). Reviewing de novo the district court's decision to deny Hollis' §

2255 motion, *see United States v. Aguirre-Ganceda*, 592 F.3d 1043,1045 (9th Cir. 2010), we conclude that Hollis was not prejudiced by the government's failure to produce *Brady/Giglio* materials that provided additional information about CS's unreliability. The district court accurately characterized the extensive trial testimony establishing CS's unreliability and the fact that the law enforcement officers working with him were aware of it. Although the September 1, 2004, memo about CS's continued unauthorized drug dealing should have been, but was not, disclosed, it is clear from the record that defense counsel was aware of–and elicited testimony regarding–the problems described in the memo. Similarly, the other undisclosed evidence about which Hollis complains would have done nothing more than recapitulate the already well-established fact that CS was a dishonest drug dealer who testified against Hollis in hopes of getting a better deal for himself. As a result, Hollis could not demonstrate that the suppression of evidence containing additional information about CS's unreliability satisfies the prejudice requirement for *Brady/Giglio* claims. *See United States v. Kohring*, 637 F.3d 895, 908 (9th Cir. 2011) ("We have previously held that when defense counsel sufficiently impeaches a government witness in cross-examination and closing argument, the defendant cannot later claim a *Brady/Giglio* violation on account of additional undisclosed evidence supporting the impeachment. In such

3

circumstances, the evidence is cumulative because the grounds for impeachment are 'no secret' to the jury." (citing *Hovey v. Ayers*, 458 F.3d 892, 921 (9th Cir. 2006)). Beyond that, there is no evidence in the record sufficient to support Hollis' assertion that the government's suppression of *Brady/Giglio* material rises to the level of gross prosecutorial misconduct.

We also find no merit to Hollis' unsupported assertion that the Government withheld evidence that CS conducted an unauthorized stop prior to his meeting with Hollis. There was no clear error in the district court's findings that CS was "under surveillance during the entire time" and did not obtain the drugs "from anyone other than the defendant." Indeed, it appears that the incident to which Hollis refers was disclosed prior to trial: the record shows that Hollis had ample opportunity to cross-examine CS about a stop at the Northway Mall that the officers may not have authorized CS to make.

We decline to address Hollis' uncertified issue because he has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).

**AFFIRMED.**