**NOT FOR PUBLICATION**

SEP 16 2016

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-35247 |
| Plaintiff-Appellee, | D.C. Nos. 2:14-cv-00039-EFS |
| v. | 2:02-cr-00056-EFS-1 |
| RICKEY D. CHRISTIAN, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of Washington
Edward F. Shea, District Judge, Presiding

Argued and Submitted August 29, 2016
Seattle, Washington

Before:  HAWKINS and McKEOWN, Circuit Judges, and EZRA,[**] District Judge.

Ricky D. Christian appeals the district court's denial of his successive 28 U.S.C.

§ 2255 motion, in which he challenged his Armed Career Criminal Act ("ACCA")-

enhanced sentence as unconstitutional under *Johnson v. United States*, 135 S. Ct. 2551

---

[*]  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]  The Honorable David A. Ezra, Senior United States District Judge for the District of Hawaii, sitting by designation.

(2015). We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *United States v. Aguirre-Ganceda*, 592 F.3d 1043, 1045 (9th Cir. 2010), and reverse.

The district court erred in denying relief. Christian sufficiently established and the government appears to concede that, in sentencing Christian, the district court relied at least in part on the unconstitutionally vague residual clause of the ACCA's "violent felony" definition, 18 U.S.C. § 924(e)(2)(B)(ii), which violates *Johnson*, 135 S. Ct. at 2563. Under the categorical/modified categorical approach as clarified by the Supreme Court in *Descamps v. United States*, 133 S. Ct. 2276 (2013), Christian does not have a sufficient number of "violent felony" predicates under the enumerated-offense clause to sustain an ACCA sentence enhancement.[1] *Cf. In re Adams*, 825 F.3d 1283, 2016 WL 3269704, at *3 (11th Cir. 2016) (applying *Descamps* retroactively to evaluate a *Johnson* claim raised in a second or successive § 2255 motion).

Accordingly, we reverse the district court's denial of Christian's § 2255 motion and vacate his sentence. Because Christian has already served longer than the statutory maximum sentence for a non-ACCA-enhanced felon-in-possession conviction, 18 U.S.C. § 924(a)(2), we direct that Christian be released immediately

---

[1] The government does not contend that Christian's past convictions are "serious drug offense" predicates, 18 U.S.C. § 924(e)(2)(A), or "violent felony" predicates under the elements clause, *id.* § 924(e)(2)(B)(i).

2

from custody.  The Clerk of Court shall immediately notify the Director of the U.S.

Bureau of Prisons of this decision.  The mandate shall issue forthwith.

**REVERSED.**[2]

---

[2] We deny Christian's July 6, 2016, motion for judicial notice as unnecessary. *See Reid v. Johnson & Johnson*, 780 F.3d 952, 962 n.4 (9th Cir. 2015) ("Judicial notice . . . is unnecessary for materials establishing the legal principles governing a case.").