UNITED STATES of America,
Plaintiff-Appellee,

v.

Juan Carlos MARTINEZ-CARRANZA,
Defendant-Appellant.

No. 15-16059

United States Court of Appeals,
Ninth Circuit.

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Submitted July 13, 2017 * San Francisco, California

Filed July 17, 2017

Melanie Leigh Alsworth, Assistant U.S. Attorney, DOJ-USAO, Fresno, CA, for Plaintiff-Appellee

Meredith Fahn, San Jose, CA, for Defendant-Appellant

Before: GRABER and FRIEDLAND, Circuit Judges, and FOGEL,** District Judge.

## MEMORANDUM ***

Juan Carlos Martinez-Carranza pled guilty to possession of a controlled substance with the intent to distribute it. *See* 21 U.S.C. § 841(a)(1), (b)(1)(A)(viii). He appeals the district court's order denying his post-conviction motion to set aside or correct his sentence under 28 U.S.C. § 2255, asserting that he had received ineffective assistance of counsel. The district court held that Martinez-Carranza had waived in his plea agreement his right to file such a motion. We review de novo, *United States v. Aguirre-Ganceda*, 592 F.3d 1043, 1045 (9th Cir. 2010), and affirm.

We need not decide whether the waiver is enforceable. *See United States v. Jacobo Castillo*, 496 F.3d 947, 957 (9th Cir. 2007) (en banc) (holding that the enforceability of a waiver is not a jurisdictional question). Even assuming that the waiver is not enforceable, Martinez-Carranza's underlying ineffective assistance claim is not viable.

Preliminarily, we expand the certificate of appealability to encompass the merits of Martinez-Carranza's ineffective assistance claim. *See Valerio v. Crawford*, 306 F.3d 742, 764 (9th Cir. 2002) (en banc) (noting that we have authority to expand a certificate of appealability "to include additional issues when the district court has granted a [certificate] as to some but not all issues"). Although a respondent is ordinarily afforded an opportunity to brief any uncertified issues raised in a petitioner's opening brief, *see* 9th Cir. R. 22-1(f), we need not obtain additional briefing here, as both parties have already fully briefed the merits of Martinez-Carranza's ineffective assistance claim.

A claim for ineffective assistance of counsel can succeed only if the attorney's performance was objectively deficient and prejudicial. *See Strickland v. Washington*, 466 U.S. 668, 690, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Martinez-Carranza argues that his attorney's representation was deficient because competent counsel would have explained more clearly that, under the plea agreement here, Martinez-Carranza was not obligated to offer substantial assistance under 18 U.S.C. § 3553(e), but only to disclose information about his own wrongdoing under § 3553(f), sometimes called the "safety-valve" provision, *see United States v. Shrestha*, 86 F.3d 935, 938 (9th Cir. 1996). His theory relies on the assumption that he would have remained eligible for a safety-valve reduction by disclosing his own involvement in the crime

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** The Honorable Jeremy D. Fogel, Senior United States District Judge for the Northern District of California, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

but by withholding any information he has about others' involvement. That assumption is incorrect. *See* 18 U.S.C. § 3553(f)(5) (requiring the defendant to disclose "all information and evidence [he has] concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan"). Nor does Martinez-Carranza explain what additional information he would have disclosed had his attorney explained the plea agreement more clearly or why he believes the Government would have recommended a reduction at all if he had refused to say anything that risked implicating another person. He therefore cannot show that his counsel's performance was deficient or that any deficient representation was prejudicial.

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.