**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 20 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-17544 |
| Plaintiff-Appellee, | D.C. Nos. 1:17-cv-00008-SOM |
| v. | 1:12-cr-00693-SOM |
| NGANATATAFU AHOLELEI, a.k.a. John Aholeilei, a.k.a. Paul Aholeilei, a.k.a. Sione Aholeilei, a.k.a. Sione Kaufasi, a.k.a. John Ngana, a.k.a. Tino Niumata, a.k.a. Sione Toetuu, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Hawaii
Susan O. Mollway, District Judge, Presiding

Submitted December 17, 2018 [**]

Before:    WALLACE, SILVERMAN, and McKEOWN, Circuit Judges.

Nganatatafu Aholelei challenges the district court's order denying his

collateral attack of his 2013 guilty-plea conviction for being a felon in possession

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

of explosives, in violation of 18 U.S.C. § 842(i)(1). We have jurisdiction under 28 U.S.C. §§ 1291 and 2253, and we affirm.

Aholelei first contends that the district court erred by construing his petition as a motion under 28 U.S.C. § 2255 rather than a petition for a writ of error coram nobis. Contrary to Aholelei's contentions, he is in custody in connection with his 2013 conviction because he is still subject to the term of supervised release imposed in connection with that conviction. *See United States v. Monreal*, 301 F.3d 1127, 1132 (9th Cir. 2002). Therefore, the district court properly construed his filing as a section 2255 motion rather than a coram nobis petition. *See Matus-Leva v. United States*, 287 F.3d 758, 761 (9th Cir. 2002). Aholelei's reliance on *United States v. Johnson*, 529 U.S. 53 (2000), which analyzed when supervised release commences rather than whether a defendant is "in custody" within the meaning of section 2255, is misplaced.

Aholelei next contends that the district court erred by denying his motion as untimely. We review the denial of a section 2255 motion on timeliness grounds de novo and the underlying findings of fact for clear error. *See United States v. Aguirre-Ganceda*, 592 F.3d 1043, 1045 (9th Cir. 2010).

The one-year limitation period began to run, at the latest, on the date Aholelei discovered or could have discovered through the exercise of due diligence the facts supporting his ineffective assistance of counsel claim under *Padilla v.*

*Kentucky*, 559 U.S. 356 (2010). *See* 28 U.S.C. § 2255(f)(4). It is undisputed that, in the fall of 2013, Aholelei spoke to his newly retained immigration counsel and learned that his guilty-plea conviction involved an aggravated felony that would almost certainly result in removal. Thus, Aholelei knew, or through due diligence could have discovered, the facts supporting his claim more than one year before he filed his petition in January 2017. *See Hasan v. Galaza*, 254 F.3d 1150, 1154 n.3 (9th Cir. 2011). He has not demonstrated "extraordinary circumstances" sufficient to warrant equitable tolling. *See Aguirre-Ganceda*, 592 F.3d at 1045-46. Therefore, the district court did not err by denying his motion as untimely. *See* 28 U.S.C. § 2255(f).

**AFFIRMED.**