UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 20-16006 |
| Plaintiff-Appellee, | D.C. Nos. 2:16-cv-01377-KJD |
| v. | 2:14-cr-00344-KJD-PAL-1 |
| TIERRE COLE, | District of Nevada, Las Vegas |
| Defendant-Appellant. | ORDER |

Before: HAWKINS and MILLER, Circuit Judges, and MORRIS,[*] District Judge.

The memorandum disposition filed on May 18, 2021, is amended as follows:

Page 3, line 3–4: Citation to *United States v. Hall* is changed to <845 F. App'x 644, 645 (9th Circ. 2021) (unpublished)>

The amended memorandum disposition will be filed concurrently with this order.

Appellant's unopposed motion for an extension of time to file a petition for panel rehearing/rehearing en banc [Dkt. Entry No. 32] is GRANTED. The petition for panel rehearing/rehearing en banc shall be filed on or before July 16, 2021.

---

[*] The Honorable Brian M. Morris, United States District Judge for the District of Montana, sitting by designation.

**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

**FILED**

JUN 1 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 20-16006 |
| Plaintiff-Appellee, | D.C. Nos. |
| v. | 2:16-cv-01377-KJD |
| | 2:14-cr-00344-KJD-PAL-1 |
| TIERRE COLE, | |
| Defendant-Appellant. | AMENDED MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
Kent J. Dawson, District Judge, Presiding

Submitted May 14, 2021[**]
San Francisco, California

Before: HAWKINS and MILLER, Circuit Judges, and MORRIS,[***] District Judge.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Brian M. Morris, Chief United States District Judge for the District of Montana, sitting by designation.

Tierre Cole appeals the denial of his motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his 18 U.S.C. § 924(c) conviction and sentence. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review de novo both the denial of a § 2255 motion, *United States v. Aguirre-Ganceda*, 592 F.3d 1043, 1045 (9th Cir. 2010), and whether a prior conviction qualifies as a crime of violence under § 924(c), *United States v. Begay*, 934 F.3d 1033, 1037 (9th Cir. 2019).

Cole was convicted and sentenced under § 924(c) for the use of a firearm during and in relation to a crime of violence (Hobbs Act robbery, 18 U.S.C. § 1951) as a principal and as an aider and abettor. He argues that Hobbs Act robbery does not qualify as a crime of violence after *United States v. Davis*, 139 S. Ct. 2319 (2019),[1] where the Supreme Court concluded that § 924(c)'s residual clause, § 924(c)(3)(B), was unconstitutionally vague.

Under either theory of liability for Hobbs Act robbery, Cole's conviction and sentence under § 924(c) are constitutional. *United States v. Dominguez*, 954 F.3d 1251, 1255 (9th Cir. 2020), recognized that Hobbs Act robbery qualifies as a crime

---

[1] Cole may proceed with his appeal even though he waived the right to collaterally attack his sentence in his written plea agreement because he argues that his conviction and sentence are unconstitutional. *See United States v. Torres*, 828 F.3d 1113, 1125 (9th Cir. 2016); *United States v. Barron*, 172 F.3d 1153, 1160 (9th Cir. 1999) (en banc).

of violence under § 924(c).  And, for the purpose of determining whether an offense qualifies as a crime of violence under § 924(c), aiding and abetting Hobbs Act robbery is treated no differently than a substantive Hobbs Act robbery.  *See United States v. Hall*, 845 F. App'x 644, 645 (9th Cir. 2021) (unpublished) (aiding and abetting Hobbs Act robbery qualifies as a crime of violence because "aiding and abetting liability does not alter the categorical approach analysis"); *see also United States v. Henry*, 984 F.3d 1343, 1356 (9th Cir. 2021) (defendants found guilty of armed bank robbery under an aiding and abetting theory are treated as principals).  Thus, Cole's conviction and sentence under § 924(c) are constitutional.

**AFFIRMED.**