**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 12 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   20-35379 |
| Plaintiff-Appellee, | D.C. Nos.   1:19-cv-00080-SPW |
| v. | 1:16-cr-00082-SPW-2 |
| ANGELICA JO WHITEMAN, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Montana
Susan P. Watters, District Judge, Presiding

Submitted July 6, 2021[**]
Seattle, Washington

Before:  HAWKINS, CLIFTON, and IKUTA, Circuit Judges.

Angelica Whiteman appeals from the district court's denial of her motion to

vacate or set aside her sentence pursuant to 28 U.S.C. § 2255.  Whiteman contends

the district court abused its discretion by denying her claim without an evidentiary

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]   The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

hearing or discovery. We review for abuse of discretion, *United States v. Rodrigues*, 347 F.3d 818, 823 (9th Cir. 2003), and we affirm.

Whiteman pled guilty to aiding and abetting first-degree murder for her role in the beating, choking, and burning alive of a young woman on the Crow Indian Reservation. The crime carried the penalty of death or life imprisonment. 18 U.S.C. § 1111(b). Pursuant to her guilty plea, she was able to receive a downward departure from the mandatory life sentence in exchange for her trial testimony, and she was sentenced to 480 months.

Whiteman later brought this action alleging ineffective assistance of counsel in connection with her plea agreement. Whiteman claimed: (1) her counsel did not tell her she had a right to trial or to appeal, and that she had a witness statement that supported her noninvolvement in the crime; (2) her counsel failed to discuss defense strategy with her, and she had "witness statements that support my (non)involvement with this crime"; (3) she entered her guilty plea under duress by being threatened with a life sentence; and (4) she didn't fully understand the plea deal.

To succeed, Whiteman had to demonstrate that her counsel's performance fell outside the range of reasonable professional assistance and that there is a reasonable probability that but for counsel's unprofessional performance, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668 (1984). A court may forego an evidentiary hearing when "the motion and the files

2

and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). A defendant is not entitled to an evidentiary hearing if the allegations do not state a claim for relief, are belied by the record or otherwise incredible, or conclusory and unsupported by sufficient factual allegations. *See United States v. Schaflander*, 743 F.2d 714, 718 (9th Cir. 1984).

The district court rejected each of her four ineffective assistance of counsel claims, it concluded that counsel did nothing unreasonable by recommending Whiteman plead guilty to avoid a life sentence, and that, in light of the evidence against her (including her own admissions), Whiteman had no realistic chance of acquittal at trial, and thus could demonstrate no prejudice from pleading guilty. The court noted that most of Whiteman's claims were directly contradicted by representations she made in court during the plea colloquy, where the court carefully reviewed the terms of the plea agreement with her (and she stated she understood), including specific discussions that Whiteman had and was waiving a right to trial, and that Whiteman had but was waiving her right to appeal. The court further held that the plea was not involuntary because it was entered to avoid a harsh punishment. *See United States v. Brady*, 397 U.S. 742, 755 (1970) (pleading guilty to avoid death penalty not duress).

The district court granted a certificate of appealability on only her first ineffective assistance of counsel claim: Whiteman's contention that her attorney

3

rendered ineffective assistance of counsel by failing to tell her she had a right to trial or to appeal, and that a pretrial statement made by a single witness, J.T., "supported her non-involvement with the crime."

We review Whiteman's ineffective assistance of counsel claim de novo. *United States v. Aguirre-Ganceda*, 592 F.3d 1043, 1045 (9th Cir. 2010). We conclude that Whiteman's counsel's advice, in light of J.T.'s pretrial statement, did not fall outside the range of reasonable professional assistance. *See Strickland*, 466 U.S. 668 at 690. J.T.'s pretrial statement indicated Whiteman was back inside the car when the victim was set on fire. However, at her co-defendant's trial, J.T. and two other witnesses all testified that Whiteman was outside the car when the victim was doused with gasoline and set on fire. A reasonable attorney could thus conclude that it was highly unlikely a single pretrial statement to the contrary would have yielded Whiteman an acquittal at trial, and therefore it was reasonable to advise Whiteman to accept the plea offer. Moreover, there is no reasonable probability that had Whiteman gone to trial, the pretrial statement by J.T. would have changed the outcome and led to an acquittal. *See id.* at 694. As the district court also held, from a legal standpoint Whiteman's aiding and abetting conviction did not depend on her location at that moment, given the testimony of her substantial involvement in inciting the violence, beating the victim, stripping her, and choking her unconscious, all which ultimately facilitated the commission of the murder. 8 U.S.C. § 2 (a person

4

who "aids, abets, counsels, commands, induces or procures" commission of federal offense is punishable as a principal); *Rosemond v. United States*, 572 U.S. 65, 73-76 (2014) (a person aids and abets a crime when he "intends to facilitate that offense's commission"; a defendant can be convicted "without proof that he participated in each and every element of the offense"). Therefore, we affirm the district court's rejection of Whiteman's first claim of ineffective assistance of counsel (which is the only claim before us).

The district court here did not abuse its discretion by denying Whiteman's claim without an evidentiary hearing, because, as discussed above, Whiteman's allegations are either belied by the record (trial testimony and plea colloquy) or insufficient to demonstrate *Strickland* prejudice. *See* 28 U.S.C. § 2255(b) (requiring a district court to hold a hearing on an application for relief "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief").

**AFFIRMED.**