**NOT FOR PUBLICATION**

**FILED**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   17-36008 |
| Plaintiff-Appellee, | D.C. Nos.   1:16-cv-00083-SPW |
| v. | 1:08-cr-00014-SPW-1 |
| CAMILLE ADAMS, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Montana
Susan P. Watters, District Judge, Presiding

Submitted December 9, 2021[**]
Seattle, Washington

Before: McKEOWN and BADE, Circuit Judges, and FITZWATER,[***] District Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Sidney A. Fitzwater, United States District Judge for the Northern District of Texas, sitting by designation.

Federal prisoner Camille Adams ("Adams") appeals the denial of his motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his 18 U.S.C. § 924(c) convictions and sentence. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253. We review de novo the denial of a § 2255 motion, *United States v. Aguirre-Ganceda*, 592 F.3d 1043, 1045 (9th Cir. 2010), and we affirm.

Adams's contention that aiding and abetting Hobbs Act robbery is not a crime of violence under 18 U.S.C. § 924(c)(3)(A) is foreclosed by our precedent. *See Young v. United States*, 22 F.4th 1115, 1122–23 (9th Cir. 2022) (explaining that there is "no distinction between aiding-and-abetting liability and liability as a principal under federal law[,]" and holding that "aiding and abetting a crime of violence, such as armed bank robbery, is also a crime of violence"). Because Hobbs Act robbery is a crime of violence, *see United States v. Dominguez*, 954 F.3d 1251, 1260–61 (9th Cir. 2020), and aiding and abetting a crime of violence is also a crime of violence, *see Young*, 22 F.4th at 1122–23, we affirm the district court's denial of Adams's § 2255 motion.

**AFFIRMED**.