**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAY 24 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JOSE JESUS PEREZ, a.k.a. Jose Jesus, Jr., a.k.a. Jose J. Perez

Petitioner-Appellant,

v.

UNITED STATES OF AMERICA,

Respondent-Appellee.

No. 19-55548

D.C. Nos.   5:17-cv-02436-VAP
            5:13-cr-00087-VAP-1

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Virginia A. Phillips, District Judge, Presiding

Argued and Submitted September 14, 2021
Pasadena, California

Before: GOULD, BERZON, and COLLINS, Circuit Judges.

Jose Jesus Perez appeals the district court's denial, without an evidentiary

hearing, of his 28 U.S.C. § 2255 motion, arguing that his counsel rendered

ineffective assistance of counsel during unsuccessful plea negotiations. Perez

asserts that, as a result of that ineffective assistance, he proceeded to a jury trial at

which he was convicted of three counts of deprivation of civil rights under color of

law in violation of 18 U.S.C. § 242. Reviewing the district court's denial of a

---

[*] This disposition is not appropriate for publication and is not precedent except as
provided by Ninth Circuit Rule 36-3.

§ 2255 motion de novo, *United States v. Aguirre-Ganceda*, 592 F.3d 1043, 1045 (9th Cir. 2010), and its denial of an evidentiary hearing for abuse of discretion, *Stewart v. Cate*, 757 F.3d 929, 934 (9th Cir. 2014), we affirm.

## I

Because the district court did not hold an evidentiary hearing, we take as true the factual allegations in Perez's § 2255 motion and in his declaration in support of that motion. *United States v. Blaylock*, 20 F.3d 1458, 1465 (9th Cir. 1994); *cf.* Rule 2(b)(2), § 2255 Rules (requiring that a § 2255 motion "state the facts supporting each ground"). We consider those allegations together with "the files and records of the case" to determine whether Perez has established the elements of his claim of ineffective assistance of counsel during the plea bargaining process. *See* 28 U.S.C. § 2255(b). To prevail on that claim, Perez had to state sufficient facts to show: (1) "that counsel's performance was deficient," and (2) "that the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Perez failed to make this showing.

## A

Perez contends that his counsel failed adequately to explain the terms of the Government's plea offer. However, Perez's declaration acknowledges that his counsel told him about the key provision of the offer—that it provided for a 10-year sentence, which was well below the statutory maximum of life imprisonment.

Perez has not identified any other *material* term of the offer that should have been communicated to him but was not, nor has he pleaded any facts to show that any such omitted details would have caused him to accept the offer. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). Beyond that, Perez notes only that his counsel did not provide him with a written copy of the plea agreement. Mere failure to provide the actual written plea agreement, without more, does not establish ineffective assistance. *See United States v. Rivera-Sanchez*, 222 F.3d 1057, 1061 (9th Cir. 2000).

Perez also asserts that he directed his counsel to present a counteroffer in which he would agree to plead guilty in exchange for a five-year sentence. Assuming that his counsel failed to communicate that counteroffer, we conclude that Perez has not established prejudice. His motion provides no facts to support a plausible inference that the Government would have accepted a five-year sentence.

**B**

Perez further contends that, in two respects, his counsel failed to provide him with "the information he needed to make an informed decision whether to accept" the Government's plea offer. Both of these contentions fail.

First, Perez asserts that his counsel "never explained the significance of [Perez's] status as a uniformed, armed, law enforcement officer, and how that reality could result in an increase in [the] statutory maximum punishment for the

offenses from 10 years to life." But the premise of Perez's argument—that his status as an officer could increase the statutory maximum punishment—is incorrect. Rather, the factors that could have increased—and ultimately did increase—his maximum sentence to life imprisonment were the alleged "aggravated sexual abuse" of both victims and the alleged "kidnapping" or "attempt to kidnap" one of those victims. *See* 18 U.S.C. § 242. There was no obligation for Perez's counsel to tell Perez that his "status as a uniformed, armed, law enforcement officer . . . could result in an increase in [the] statutory maximum punishment" because such a statement would not have been accurate. Moreover, Perez was provided with a copy of the indictment, and he was repeatedly advised on the record, prior to turning down the plea offer, that his § 242 charges were based on alleged sexual abuse he committed using his authority as an officer, and that he faced a life sentence on each count. Even assuming counsel did not specifically address these matters with Perez, Perez has failed to show prejudice in light of these on-the-record statements.

Second, Perez asserts that his counsel made an "objectively unreasonable assessment of the strength of the Government's case." Perez alleges that his counsel told him that he had a "winnable case" and that counsel "did not think that the Government could prove any set of facts qualifying [Perez] for the higher statutory maximum." Where, as here, the defendant knew the material terms of the

4

plea offer but asserts that counsel failed to accurately assess the strength and weaknesses of the case, we require the defendant to "demonstrate gross error on the part of counsel," meaning that "the advice he received was so incorrect and so insufficient that it undermined his ability to make an intelligent decision about whether to accept the plea offer." *Turner v. Calderon*, 281 F.3d 851, 880 (9th Cir. 2002) (simplified). Thus, absent a showing that counsel's "defense strategy and presumably sincere prediction" were outside the wide range of reasonable professional judgment, a defendant cannot rely on a self-serving assertion, "made years later," that with different advice, he would have accepted the plea offer. *Id.* at 881. "If the rule were otherwise, every rejection of a plea offer, viewed perhaps with more clarity in the light of an unfavorable verdict, could be relitigated upon the defendant's later claim that had his counsel better advised him, he would have accepted the plea offer." *Id.*

Applying these standards, we conclude that Perez failed to present sufficient facts to establish that his counsel's assessment of the case, at the time the plea offer was rejected, was outside the range of reasonable professional judgment. Although Perez now paints the evidence against him as overwhelming, a reasonable defense counsel could conclude that the case was triable in that it largely hinged on the credibility of the two victims, both of whom were prostitutes with potentially significant credibility issues. The fact that the district court subsequently granted

5

an *in limine* motion by the Government excluding some key impeachment material does not show that counsel's earlier assessment was unreasonable. Indeed, in granting that motion, the district court itself acknowledged that it was a "close call." "Trial counsel was not constitutionally defective because he lacked a crystal ball." *Turner*, 281 F.3d at 881.[1]

## II

For these reasons, we conclude that, disregarding the competing statements of Perez's counsel that the Government presented in opposition to the § 2555 motion, Perez's "allegations, viewed against the record, . . . do not state a claim for relief." *United States v. Burrows*, 872 F.2d 915, 917 (9th Cir. 1989). The district court therefore properly denied the § 2255 motion without holding an evidentiary hearing.

**AFFIRMED.**

---

[1] Even assuming that the district court should have considered the additional declaration from Perez's ex-wife, Gabriela Burrell, which was submitted with his reply brief opposing dismissal, it would not alter our conclusions. Assuming that the comments of counsel that Burrell recounts during her "first visit" to his office occurred before the plea offer was rejected, the comments merely reiterate Perez's allegation that counsel then viewed the case as a triable credibility contest in which there was substantial impeachment material. Burrell's additional vague contention that counsel was difficult to reach weeks later, "[a]s the matter progressed," does not establish that counsel's assessment of the case at the time the plea was rejected was outside the range of reasonable professional judgment.